IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| JAMES HARTVIGSEN,<br><br>　　　　　　Plaintiff,<br><br>　　　　v.<br><br>PERRY CITY, et al.,<br><br>　　　　　　Defendants. | ORDER AND<br>MEMORANDUM DECISION<br><br>Case No. 1:10-cv-148-TC |

　　　　James Hartvigsen filed suit against Perry City and a number of public officials alleging that Defendants had violated his civil rights, under 42 U.S.C. § 1983.  Mr. Hartvigsen claims that Defendants denied him work and retirement benefits as an animal control officer, limited the number of hours he could work each week, and eventually terminated his employment with the City.  He also alleges that the City failed to follow its personnel policy, which caused Mr. Hartvigsen financial detriment.  Defendants have filed a motion to dismiss, claiming that Mr. Hartvigsen fails to state a claim against them upon which relief may be granted (Dkt. No. 19).  Because the court agrees with Defendants, the motion is GRANTED.

ANALYSIS

Motion to Dismiss Standard

　　　　When reviewing a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief may be granted, the court presumes the truth of all well-pleaded facts in the complaint.  Tal v. Hogan, 453 F.3d 1244, 1252 (2006), cert. denied, 127 S. Ct. 1334 (2007); Mitchell v. King, 537 F.2d 385, 386 (10th Cir. 1976).  But although all reasonable inferences must be drawn in the

non-moving party's favor, Tal, 453 F.3d at 1252, a complaint will only survive a motion to dismiss if it contains "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007) quoted in Ridge at Red Hawk, LLC v. Schneider, 493 F.3d 1174, 1177 (10th Cir. 2007).

Accordingly, the court construes all of the allegations in the light most favorable to Mr. Hartvigsen, and assumes that the following facts are true for the purposes of deciding the motion.[1]  Mr. Hartvigsen was hired as an animal control officer for Perry City and worked April 2002 until September 2007.  During this time, Mr. Hartvigsen's hours increased so that he was working an average of 21.19 hours a week between July 2004 and July 2006.  Mr. Hartvigsen did not receive retirement benefits for his work, nor did he receive sick-leave, vacation pay, or holiday pay.  When Mr. Hartvigsen requested that the City grant him these work benefits, either the City or Mayor Jerry Nelson responded by cutting Mr. Hartvigsen's hours to 15 a week.  Eventually, the City terminated Mr. Hartvigsen without warning or reason.

Mr. Hartvigsen sent a grievance to the Perry City Council, appealing the termination of his employment and the work benefits issue.  He was referred to the Perry City Personnel Board for a hearing, but the Personnel Board did not rule in his favor.  In a closed session, the Perry City Council heard Mr. Hartvigsen's appeal from the Personnel Board and also ruled against him.

Mr. Hartvigsen does not clearly set forth in his complaint which federal rights he believes the Defendants violated.  But the court construes his charge that he faced "discrimination" as an alleged equal protection violation; and the court construes his charge that Perry City failed to follow its personnel policy as an alleged procedural due process violation.  Both of these claims fail.

---

[1] These facts are taken from Mr. Hartvigsen's complaint (Dkt. No. 3).

Equal Protection Claim

Because Mr. Hartvigsen does not make any allegations that he is a member of a particular class that has been disproportionately burdened (due to his race or gender, for instance), he must proceed on the "class of one" theory in order to state a claim for an equal protection violation. This theory requires that Mr. Hartvigsen demonstrate that he was treated differently from other persons who were "similarly situated in every material respect." Kansas Penn Gaming, LLC v. Collins, 656 F.3d 1210, 1216 (10th Cir. 2011) (citing Jicarilla Apache Nation v. Rio Arriba County, 440 F.3d 1202, 1210 (10th Cir. 2006). Mr. Hartvigsen must then show that such disparate treatment was without a rational basis. Id. In other words, Mr. Hartvigsen must show that Perry City had no reason to treat him differently from other employees.

Mr. Hartvigsen claims that he was treated differently because part-time employees were granted certain benefits that he was denied. But Mr. Hartvigsen was a temporary, not a part-time employee. In fact, it is Perry City's refusal to grant Mr. Hartvigsen part-time employee status that forms the basis of his other complaint against the City (namely, that the City did not follow its personnel policy when it denied him this status). Mr. Hartvigsen cannot state an equal protection claim on the basis that the City treated him differently from its part-time employees. Instead, Mr. Hartvigsen must show that other <u>temporary</u> employees who had worked more than 16 hours a week were granted part-time employee status and he was denied.[2] Mr. Hartvigsen must further demonstrate that the City did not have a rational basis for maintaining its animal

---

[2] In a memorandum filed subsequent to the court's hearing on this matter, Mr. Hartvigsen does state, "I am [sic] discriminated against when other temporary employees were made permanent according to the policy and I was not." But Mr. Hartvigsen makes no specific allegations about who those temporary employees were or why their positions were made permanent. The City naturally has discretion to make some of its employment positions temporary and others permanent. As noted above, Mr. Hartvigsen must show not only that he was treated differently, but that such difference in treatment was arbitrary.

control officer position as a temporary employment position.  Mr. Hartvigsen does not plead any facts that, even construed in his favor, would allow the court to find that either of these requirements have been met.  As a result, Mr. Hartvigsen's equal protection claim fails.

Due Process Claim

In order for Mr. Hartvigsen to claim a deprivation of procedural due process, he must demonstrate that he possessed a protected property interest.  See Bd. Of Regents v. Roth, 408 U.S. 564 (1972).  Mr. Hartvigsen has not plead any facts that demonstrate that he had such a protected interest (for example, that he was guaranteed employment for a certain period of time when the City hired him as an animal control officer).  At any rate, it appears that Mr. Hartvigsen had two hearings after he was denied benefits and terminated, one with the Perry City Personnel Policy Board and one with the Perry City Council.  Even if Mr. Hartvigsen could allege a protected property interest in the form of his employment, it does not appear that his job was taken from him without adequate process.

Other Claims

Mr. Hartvigsen naturally disagrees with the City Council's decision not to grant him benefits, but this court does not have jurisdiction to hear an appeal from that body.  Even if the City Council did violate the Perry City Personnel Policy, this court has no authority to review the City Council's decision.  Such a claim would be more appropriately brought before a state court.

Similarly, Mr. Hartvigsen believes that a breach of contract may have occurred.  In the latest memorandum filed by Mr. Hartvigsen, he states his belief that he had a verbal contract with the Mayor and the City Recorder, a contract that was breached when he was terminated from employment.  Again, this court has no jurisdiction to evaluate Mr. Hartvigsen's claim.  This court can only hear federal claims; and, as discussed above, Mr. Hartvigsen has failed to state such a

claim. Without a federal cause of action, his breach of contract claim must be brought before a state, not a federal court.

## CONCLUSION

Because the court can find no violations of Mr. Hartvigsen's federal civil rights, the court dismisses the case.

IT IS THEREFORE ORDERED that this case is dismissed without prejudice and the Clerk of the Court is ordered to close the case.

DATED this 12th day of April, 2012.

BY THE COURT:

_____
TENA CAMPBELL
United States District Judge